PER CURIAM.
This is an appeal by the plaintiff below from an adverse summary judgment. Plaintiff was a lessee and operator of a lounge in defendant’s premises. The liquor license was issued to the corporation. After the contract'became in effect it was learned that for plaintiff to avail himself of the liquor license, as operator of the lounge, it was necessary that he become an officer of the corporation, and he was then made an officer. Following an arrest of plaintiff on a charge of bookmaking on the premises, he was requested to resign as an officer of the corporation and refused. Thereafter, on December 22, 1961, by corporate action he was removed as an officer. Plaintiff tendered his monthly rental check on January 10, 1962. Payment was necessary on or before that date to prevent default. The check was returned unpaid, for insufficient funds. For such non-payment of rent the defendant terminated the contract and re-entered the premises. Later, plaintiff tendered another check for the rent, which was refused. Plaintiff then instituted this action for compensatory and punitive damages, for alleged wrongful termination of the contract. Under the written contract of the parties the defendant was granted the option to terminate the contract and reenter the premises upon default. The trial judge was eminently correct, on the basis of the facts which were established without issue, in holding that defendant was entitled to judgment as a matter of law.
Affirmed.